738

ALOHA DREDGING AND CONSTRUCTION COMPANY, Plaintiff,

v.

Charles L. HEATHERLY, Acting Administrator, United States Small Business Administration, Defendant.

Civ. A. No. 86–1534.

United States District Court, District of Columbia.

Feb. 17, 1987.

Edward D. Greenberg, Washington, D.C., for plaintiff.

Mary Coster Williams, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

Plaintiff sues defendant in his official capacity seeking a declaratory relief setting aside a decision of the Office of Hearings and Appeals of the Small Business Administration ("SBA") that plaintiff is not a "small-business concern" benefitted by the Small Business Act, 15 U.S.C. §§ 631–647 (1982). Briefs and exhibits on cross-motions for summary judgment have been filed. For the reasons developed below, the Court concludes that there is no basis for overturning the agency determination.

The relevant facts in this case are not disputed. On July 31, 1985 the Department of the Navy solicited bids for Phase II of a project to repair the sea wall at the Treasure Island Naval Station in San Francisco. Only small businesses—those with average annual receipts over the past three years of less than $17 million [1]—were eligible to bid. Plaintiff, a construction company with receipts below the $17 million size standard, was awarded the contract as lowest bidder. On September 9, 1985, J.E. McAmis Industries, Inc. ("McAmis"), the second-lowest bidder, filed a challenge with SBA's San Francisco Regional Office ("RO") pursuant to 13 C.F.R. § 121.9 (1986). McAmis argued plaintiff is not a small business because it is affiliated with Dutra Construction Company ("Dutra") whose receipts, when added to plaintiff's as required by SBA regulations governing af-

---

1. See 13 C.F.R. § 121.2 (1986).

filiated companies, put plaintiff over the $17 million size standard.

By opinion issued November 4, 1985, the RO concluded plaintiff and Dutra are not affiliated and therefore plaintiff is a small business. RO relied heavily on *Size Appeal of Roy D. Garren Corp.*, No. 2221 (1985), a previous opinion of the SBA's Office of Hearings and Appeals ("OHA") issued July 18, 1985 in connection with Phase I of the sea wall project, which found plaintiff not affiliated with Dutra even though: (1) the two firms are in related business lines; (2) both retain the same attorney, who incorporated them and serves on both boards of directors; and (3) two of plaintiff's employees were formally employed by Dutra. RO stated that *Garren* was "dispositive of many aspects" of the affiliation question and then considered three subsequent developments: (1) Dutra's co-indemnification of the bid, performance and payment bonds up to $3,000,000 that plaintiff was required to file for the Phase II project work, in return for a percentage of the contract price; (2) plaintiff's decision to subcontract about 21 percent of the project work to Dutra (and plaintiff's subcontracting of nine percent of the work it had contracted to do in Phase I of the project); and (3) plaintiff's intention to rent a piece of equipment (a backhoe) from Dutra. RO concluded none of the developments indicated plaintiff and Dura were affiliates because each transaction appeared to be an arms-length arrangement.

By opinion dated January 23, 1986, OHA reversed. It concluded, based on a review of all the circumstances, that affiliation existed and therefore the result in *Garren* which addressed different circumstances could not be followed. OHA focused its analysis on the effect of Dutra's co-indemnification and performance of subcontracting work. It stressed that Dutra had co-indemnified four of plaintiff's last ten contracts and that plaintiff had admitted it would be foreclosed from bidding on large contracts like that involved in Phase II of the seawall project without co-indemnifica-tion. It also emphasized there was no indication—although plaintiff had been afforded every opportunity to prove otherwise—that plaintiff had alternatives to Dutra for co-indemnification. These circumstances suggested Dutra's power to control which projects plaintiff was able to bid on. With respect to Dutra's subcontracting work, OHA concluded, the absence of any evidence plaintiff had negotiated with other subcontractors suggested the agreement was not an arm's-length arrangement and supported a finding of affiliation.

OHA's determination may be overturned, under 5 U.S.C. § 706(2)(A) (1982), only if shown to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Plaintiff argues OHA acted irrationally because it: (1) ignored its own regulations and case law; (2) failed to base its decision on substantial evidence on the record; (3) gave undue weight to unsupported allegations; and (4) unlawfully shifted the burden of proof on the ultimate issue to plaintiff. None of these objections have merit: the first is simply incorrect, and the final three restate in different ways a single objection which depends on a misreading of OHA's opinion.

The SBA is authorized by the Small Business Act, under 15 U.S.C. § 637(b)(6), to determine which enterprises are "small-business concerns" within the meaning of 15 U.S.C. § 632. The regulations it has promulgated ground inquiry in part on whether "one concern controls or has the power to control the other," and specify that "consideration shall be given to all appropriate factors, including common ownership, common management, and contractual relationships" and that "[c]ontrol may be affirmative or negative and it is immaterial whether it is exercised so long as the power to control exists." 13 C.F.R. § 121.3(a) (1986). Under this standard OHA considers the "totality of the circumstances" in determining whether concerns are affiliated.[2]

■ Plaintiff's argument that OHA violated these standards is frivolous. Plain-

---

**2.** See, e.g., *Size Appeal of Cal Western Packaging Corp.*, No. 2269, at 9 (1985); *Size Appeal of* *Clark Mechanical Contractors*, No. 1907, at 6–7 (1984).

tiff suggests OHA erred in ignoring without explanation its *Garren* decision, which was issued only six months before *McAmis* and which rejected a number of factors advanced as proof of affiliation. Because the *Garren* determination of those factors is binding, it argues, OHA's determination was based solely on the presence of co-indemnification—a factor which, OHA precedent holds, standing alone cannot establish affiliation. It also suggests that under OHA caselaw plaintiff may subcontract work without necessarily implicating it is affiliated with the subcontractor. But *Garren*'s review of particular issues cannot be binding in this case, because OHA must look in each instance at the totality of *all* circumstances in rendering a decision. OHA caselaw indicating that usage of co-indemnification arrangements alone does not establish affiliation is therefore irrelevant, because here a number of additional weighty factors suggesting affiliation were present.[3]

Plaintiff's other major objection attacks the conclusions it supposes OHA reached, that: (1) plaintiff could not perform the contract but for co-indemnification from Dutra and had no alternative source for co-indemnification; and (2) plaintiff's subcontracting agreement with Dutra was not an arms-length transaction. Plaintiff admits that it needs co-indemnification from some source for large contracts, but argues there is no evidence in the record indicating plaintiff lacked alternatives. Plaintiff also notes it established by affidavit that the subcontracting agreement followed negotiations between it and Dutra. It concludes that OHA's determinations are based only on unsupported allegations by McAmis which it countered; that McAmis could not therefore have met its burden under the regulations to prove affiliation; and that by emphasizing plaintiff's failure to produce evidence in response to these allegations, OHA unlawfully shifted the burden of proof to plaintiff.

Plaintiff's attack fails because OHA never concluded that, in fact, plaintiff was

dependent on Dutra for co-indemnification or that the subcontracting agreement was not an arms-length deal. Rather, OHA simply observed that there was *no evidence* that plaintiff had other alternatives or had consulted with other potential subcontractors. OHA properly noted the lack of such evidence—especially since plaintiff had every opportunity and incentive to provide it if available—as a significant circumstance properly taken into account in its determination, and in so noting it was not relying on unfounded allegations or shifting the burden of proof on the ultimate question.

■ Because OHA applied the correct legal standard in determining whether plaintiff is affiliated with Dutra, and articulated significant factors supporting its determination that the totality of the circumstances required a finding of affiliation, there is no ground under the applicable standard of review for overturning its determination. Plaintiff's motion for summary judgment is therefore denied, and defendant's cross-motion granted. An appropriate Order is filed herewith.

---

**3.** This conclusion is consistent with past OHA precedent. See, e.g., *Size Appeal of Robert*  *McMullan & Son, Inc.,* No. 2153 (1985), at 6–7.